DAUKSCH, Judge.
This is an appeal from convictions in a criminal case. Appellant alleges error in the trial which he says denied him “his fundamental right to a fair and impartial trial by a fairly and impartially selected jury.”
The procedure of which the appellant complains is the requirement that he make his opening statement at trial to the entire jury venire rather than to those individuals selected and sworn to sit as jurors in the case. He says it is unfair, improper and prejudicial to require him to make his opening statements before the jury is selected because:
*982 1. No jeopardy attaches until the jury is sworn thus it gives “the state carte blanch [sic] to make any prejudicial and outrageous statements that they want, without having to worry about the consequences. (With) no effective remedy or cure.”
2. The “potential jurors would pay little or no attention to the attorneys, perhaps hoping that they will ultimately be excused from the panel.”
3. As the converse to the second reason, above, there may be some potential juror who becomes so intrigued with the case as to lie to get selected for the jury.
4. The attorneys lack an ability to establish a rapport with the jury who will try the case.
While we agree with appellant on all accounts and urge that this procedure not be used again we cannot find in this case that reversal is required. No prejudice to this defendant in this trial has been demonstrated but the potential is so great that any reason for deviation from established procedure pales in comparison. We do not reverse cases for potential due process violations unless the ill-advised procedure is seen as a practice. Neither prejudice to this appellant nor demonstration of a continual procedural violation is extant so we affirm the convictions.
AFFIRMED.
SHARP, J., concurs.
COWART, J., concurs specially with opinion.